UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **FELIX SANCHEZ and ROSITA COLON**          )<br>                                             )<br>        Plaintiffs,                         )<br>                                             )<br>        v.                                  )<br>                                             )<br> **ZHENIJANG HAN,**                           )<br>        Defendant.                           )<br>                                             ) | Civil Action No.<br>25-10063-NMG |

MEMORANDUM & ORDER

**GORTON, J.**

For the reasons set forth below, this action is DISMISSED pursuant to Rule 12(h)(3) for lack of subject matter jurisdiction and plaintiffs' motion for compensatory damage is DENIED as MOOT. If plaintiffs have served the defendant, they are directed to serve a copy of this Memorandum and Order on the defendant.

I.  **Background**

On January 10, 2025, Felix Sanchez and Rosita Colon, residents of Boston, Massachusetts, filed a pro se "complaint for malicious eviction." Docket No. 1. With the complaint, they filed a motion seeking "compensatory damage, return of security deposit, breach of quiet enjoyment, punitive damage, legal fees and costs, emotional distress, constructive eviction." Docket No. 2. Plaintiffs paid the $405.00 filing

fee for this action, see Docket No. 5, and the clerk issued a summons. Docket No. 4.

Named as the sole defendant is plaintiffs' residential landlord. See Complaint ("Compl."), Docket No. 1. at ¶ 3. Plaintiffs assert jurisdiction "under Massachusetts state law governing landlord-tenant disputes." Id. at ¶ 4. Plaintiffs allege that on or about December 1, 2024, the defendant "issued a notice requiring Plaintiffs to vacate the Property by February 1, 2025." Id. at ¶ 7. Plaintiffs further allege that the eviction notice and subsequent communication "are retaliatory and malicious." Id. at ¶ 9. Plaintiffs contend that the defendant "has violated their right to quiet enjoyment by threatening eviction without proper cause and failing to provide sufficient proof of grounds for termination of tenancy." Id. at ¶ 10. The complaint contains the following three counts (1) violation of quiet enjoyment (M.G.L. c. 186, § 14); (2) retaliatory eviction; and (3) violation of security deposit law (M.G.L. c. 186, § 15B). Id. at 3. For relief, plaintiffs seek monetary damages, declaratory relief, and injunctive relief "preventing Defendant from pursuing eviction proceedings without lawful cause." Id. at 3- 4.

**II. Preliminary Screening**

When plaintiffs proceed without legal representation, the Court must construe the complaint liberally. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Rodi v. S. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004). Even so, the Court "has an obligation to inquire sua sponte into its own subject matter jurisdiction." McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004); see Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the case.").

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" Gun v. Minton, 568 U.S. 251, 256 (2013) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). "The existence of subject-matter jurisdiction 'is never presumed,'" Fafel v. Dipaola, 399 F.3d 403, 410 (1st Cir. 2005) (quoting Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998)), and federal courts "have a duty to ensure that they are not called upon to adjudicate cases which in fact fall outside the jurisdiction conferred by Congress." Esquilín-Mendoza v. Don King Prods., Inc., 638 F.3d 1, 3 (1st Cir. 2011). "[T]he party invoking the jurisdiction of a federal court carries the burden of proving its existence." Calderon-Serra v. Wilmington Trust

3

Co., 715 F.3d 14, 17 (1st Cir. 2013) (quoting <u>Murphy v. United States</u>, 45 F.3d 520, 522 (1st Cir. 1995) (internal quotation marks omitted)).

The Court's subject matter jurisdiction "must be apparent from the face of the plaintiffs' pleading." <u>Viqueira</u>, 140 F.3d at 16. The Court "must resolve questions pertaining to its subject-matter jurisdiction before it may address the merits of a case." <u>Donahue v. Boston</u>, 304 F.3d 110, 117 (1st Cir. 2002) (citation omitted). "'[T]he party invoking the jurisdiction of a federal court carries the burden of proving its existence.'" <u>Calderón-Serra v. Wilmington Tr. Co.</u>, 715 F.3d 14, 17 (1st Cir. 2013) (citation omitted).

To invoke this Court's subject matter jurisdiction, plaintiffs must allege either that this action raises a federal question, in that the cause of action arises under federal law, or that this Court has diversity jurisdiction over the matter. <u>See</u> 28 U.S.C. § 1331 (federal question) and § 1332 (diversity). To establish diversity jurisdiction, plaintiff must assert that the parties are citizens of different states, <u>see id.</u> at § 1332(a)(1), and that the amount in controversy in this action exceeds $75,000. <u>See id.</u> at § 1332(b).

## III. Discussion

Here, the complaint does not invoke the Court's federal question jurisdiction nor diversity jurisdiction. Instead,

plaintiffs' claims are brought under Massachusetts landlord-tenant law. Although the complaint is silent as to defendant's citizenship, the civil cover sheet accompanying the complaint identifies the defendant as a resident of Suffolk County. See Docket No. 1-1. Similarly, the complaint is silent as to the amount of monetary damages sought, but the civil cover sheet states the amount of plaintiffs' demand as $78,500. Id.

Although plaintiffs contend the amount in controversy exceeds $75,000, the parties all reside in the Commonwealth. Because the parties are all citizens of Massachusetts, this Court's diversity jurisdiction cannot be established. Moreover, plaintiffs' claims do not arise under federal law.

In light of the nature of plaintiffs' claims, the Court finds that amendment would be futile. Garayalde-Rijos v. Municipality of Carolina, 747 F.3d 15, 23, (1st Cir. 2014) (explaining that sua sponte dismissal is appropriate only when it is crystal clear that the plaintiff cannot prevail and that amendment would be futile).

IV. Conclusion

Accordingly, the Court hereby orders:

1. This action is DISMISSED pursuant to Rule 12(h)(3) for lack of subject matter jurisdiction.

2. The motion (Docket No. 2) for compensatory damage is DENIED as MOOT.

5

3. If plaintiffs have served the defendant, they are directed to serve a copy of this Memorandum and Order on the defendant.

4. The Clerk shall enter a separate order of dismissal.

**So ordered.**

_____
Nathaniel M. Gorton
United States District Judge

Dated: 01/24/2025